# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of -- )
)
ABS Development Corporation ) ASBCA Nos. 60022, 60023, 60201
) 60202, 60203, 60204
) 60205
Under Contract No. W912GB-10-C-0047 )

APPEARANCES FOR THE APPELLANT: Thomas R. Krider, Esq.
Ashley J. Sherwood, Esq.
Howard W. Roth III, Esq.
 Oles Morrison Rinker & Baker LLP
 Seattle, WA

APPEARANCES FOR THE GOVERNMENT: Thomas H. Gourlay, Jr., Esq.
 Engineer Chief Trial Attorney
Brett R. Howard, Esq.
Nancy Van Noortwijk-Sommer, Esq.
Paul Cheverie, Esq.
 Engineer Trial Attorneys
 U.S. Army Engineer District, Europe

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The government moves to dismiss these consolidated appeals for lack of jurisdiction because, the government says, appellant did not properly certify its claims.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

*Contract*

On 30 September 2010, the government and appellant, ABS Development Corporation, entered into the contract referenced above for construction work at a shipyard in Haifa, Israel, for $26,956,562 (R4, tab 6 at 321, 324). The contract recited that "[t]his procurement is restricted to United States firms only" (R4, tab 21 at 2). ABS's president, Dan Gueron, signed the contract on behalf of ABS (*id.* at 321). On 19 September 2010, in response to concerns expressed by the government, ABS had revised its bid proposal to make (as reflected in a revised organizational chart) all project managers ABS employees, who would report to the Chief Executive Officer of ABS (R4, tab 23 at 3190-91). Other ABS employees, as well as employees of "Ashtrom Group," would report to those ABS project managers (*id.* at 3191). The

revised proposal represented that ABS was a United States subsidiary of Ashtrom Group (*id.* at 3192).

*ASBCA Nos. 60022 and 60023*

On 9 March 2015, the contracting officer received from the email address "GilGueron@Ashtrom.co.il" a claim ostensibly from ABS for $10,403,693 "regarding the unjustified effective disallowance of a large group...of third country nationals...hired by [ABS]" (R4, tab 3 at 49, 54). On 16 March 2015, the contracting officer received from the same email address a claim, also ostensibly from ABS, for $4,836,240 regarding "material delays" (R4, tab 2 at 45-46). The claims include the certification language required by the Contract Disputes Act (CDA), 41 U.S.C. § 7103(b)(1), for claims of more than $100,000 (R4, tab 2 at 48, tab 3 at 56). The certifications are signed by Gil Gueron, who is listed as "Director" (*id.*). The contracting officer has not acted on the claims, and on 5 June 2015, ABS appealed their deemed denial. We docketed the "material delays" appeal as ASBCA No. 60022, and the "disallowance" appeal as ASBCA No. 60023.

*ASBCA Nos. 60201-60205*

In July 2015, ABS presented to the contracting officer five claims: (1) for $304,038 "regarding partitions over 3 m height & doorsills demolishing in Hangar H20" (R4, tab 11 at 3060); (2) for $139,063 "regarding additional steel cladding and insulation works...for the extension of hangar H5" (R4, tab 13 at 3073); (3) for $129,622 "regarding Hydraulic system for gate BD51 in Hangar H6" (R4, tab 15 at 3094); (4) for $1,654,387 "regarding additional HVAC works [for] Building B16" (R4, tab 17 at 3126); and (5) for $514,359 "regarding additional construction and HVAC works...for Building H-5" (R4, tab 19 at 3152).

The claims include the CDA's certification language (R4, tab 11 at 3063, tab 13 at 3075, tab 15 at 3096, tab 17 at 3129, tab 19 at 3154). On the "Name and Signature" lines of the certifications is typed "Yossi Carmely," in what appears to be Times New Roman font; above that is typed "*Yossi Carmely,*" in Lucida Handwriting font, or something similar (*id.*). Yossi Carmely is listed on the certifications as "Project Manager" (*id.*).

The contracting officer has not acted on those claims. On 21 September 2015, ABS appealed the deemed denials of the "Hangar H20," "Hangar H5," "Hangar H6," "Building B16," and "additional HVAC works for Building H-5" claims. We docketed those appeals as ASBCA Nos. 60201, 60202, 60203, 60204, and 60205, respectively.

2

*Motion to Dismiss*

The government has moved to dismiss the appeals for lack of jurisdiction. With respect to ASBCA Nos. 60022 and 60023, the government says that Gil Gueron lacked the authority to certify claims. In response, ABS has provided the declaration of its president, Dan Gueron (who the government concedes is authorized to certify claims (app. opp'n at 6-7)) that "[i]n his role as Director of ABS, Gil Gueron was at all times relevant to these appeals, and still is, duly authorized to act on behalf of, and to bind, ABS with regard to all matters related to [the contract work], including submitting and certifying the claims submitted for these appeals" (decl. of Dan Gueron at 1, ¶ 3). Attached to that declaration are Delaware state annual franchise tax reports listing Gil Gueron as one of ABS's directors (*id.*, ex. 1).

The government also moved to dismiss ASBCA Nos. 60201 through 60205 on the basis that the underlying claims were not signed by anyone, because the electronically typed "signatures" of Yossi Carmely are not signatures at all. In response, ABS argues that those "electronic signatures" are sufficient to bind it. Alternatively, ABS provides "wet ink" signatures of Mr. Carmely on ABS's July 2015 certifications in question for the claims in ASBCA Nos. 60201, 60202, 60203, 60204, and 60205 (app. opp'n at 11, exs. 1-5).

## DECISION

*ASBCA Nos. 60022 and 60023*

A claim of more than $100,000 must be accompanied by a signed certification by an individual authorized to bind the contractor with respect to the claim, but a certification without such authority is a correctable defect that does not deprive the Board of jurisdiction to entertain an appeal involving the claim. *Bell Helicopter Textron, Inc. & The Boeing Co.*, ASBCA No. 59561, 15-1 BCA ¶ 36,111 at 176,293 (addressing 41 U.S.C. § 7103(b) and Federal Acquisition Regulation (FAR) 33.207. The certification may be executed by any person authorized to bind the contractor with respect to the claim. FAR 33.207(e).

We possess jurisdiction to entertain ASBCA Nos. 60022 and 60023 because the claims underlying those appeals are accompanied by signed certifications; the question is whether those certifications need correction. The government challenges Gil Gueron's authority to certify the claims because, the government says, Gil Gueron is an employee of Ashtrom, not ABS, and that ABS promised, before it was awarded the contract, that only ABS employees would manage the project work. The government insists (we gather because the procurement could only have been awarded to a United States firm) that "[w]hat the Government wants, and is entitled to get, is that these claims be certified by someone who is an actual employee of the prime contactor, ABS" (reply 6-7).

3

We find no such entitlement. FAR 33.207(e) provides that "[t]he certification may be executed by *any person* authorized to bind the contractor with respect to the claim" (emphasis added); there is no further requirement that the person also be an employee of the contractor. Here, ABS's president has declared that the person who certified the claims was, and still is, "duly authorized to act on behalf of, and to bind, ABS with regard to all matters related to" the contract work. We find that declaration credible, and that Gil Gueron is authorized to certify the claims. *Cf. Bell Helicopter*, 15-1 BCA ¶ 36,111 at 176,293 (citing with approval *Sadelmi Joint Venture v. Dalton*, 5 F.3d 510, 513 (Fed. Cir. 1993), and parenthetically explaining that the *Saldemi* court relied on affidavits to conclude that certifier had authority). Whether ABS broke a promise to the government by having Gil Gueron and not some other person certify the claims does not mean that he is not "authorized to bind the contractor with respect to the claim[s]." For all purposes of the claim certification requirement, ABS is bound to those claims. Their certifications are not defective, and need no correction.

*ASBCA Nos. 60201, 60202, 60203, 60204, and 60205*

We do not possess jurisdiction to entertain ASBCA Nos. 60201, 60202, 60203, 60204, and 60205. The Board cannot entertain an appeal involving a claim of more than $100,000 unless the claim was the subject of a signed certification. *See Teknocraft, Inc.*, ASBCA No. 55438, 08-1 BCA ¶ 33,846 at 167,504. An unsigned certification is a defect that cannot be corrected. *Id.* at 167,504-05.

A signature is a discrete, verifiable symbol that is sufficiently distinguishable to authenticate that the certification was issued with the purported author's knowledge and consent or to establish his intent to certify, and, therefore, cannot be easily disavowed by the purported author. *See Teknocraft*, 08-1 BCA ¶ 33,846 at 167,504-05 (addressing FAR 2.101). Here we are not confronted with an issue of "electronic signatures"; rather, we are confronted with several typewritings of a name (presumably typewritten by electronic means), purporting to be signatures. However, a typewritten name, even one typewritten in Lucida Handwriting font, cannot be authenticated, and, therefore, is not a signature. *Cf. id.* (typewritten "//signed//" not a signature because it cannot be authenticated). That is, anyone can type a person's name; there is no way to tell who did so from the typewriting itself. *See id.*

The claim certifications purportedly executed by Yossi Carmely in ASBCA Nos. 60201, 60202, 60203, 60204, and 60205 are not signed; rather, the name "Yossi Carmely" is typed twice on each certification, once in what appears to be Times New Roman font, and a second time, above the first, in Lucida Handwriting font, or something similar. Anyone could have typed those names, even the ones in "Lucida Handwriting"; there is no way to authenticate any of them. Yossi Carmely could easily disavow them, regardless of whether he does, or ever would, disavow them. Because the

certifications are unsigned, and because that is not a correctable defect, we lack jurisdiction to entertain ASBCA Nos. 60201, 60202, 60203, 60204, and 60205, and dismiss them. Accordingly, we find it unnecessary to address the government's alternative argument that the purported certifications of the claims underlying ASBCA Nos. 60202 and 60204 refer not to those claims, but to other claims entirely. In addition, because the unsigned certifications are not a correctable defect, we find it unnecessary to consider the "wet ink" certifications that ABS provided in response to the motions to dismiss.

## CONCLUSION

We have considered the parties' other arguments, but because of this decision, need not address them.[*] The motion is granted with respect to ASBCA Nos. 60201, 60202, 60203, 60204, and 60205, which are dismissed. Otherwise, the motion is denied.

Dated: 17 November 2016

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[*] In particular, nothing in the government's 28 October 2016 filing alters our decision.

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 60022, 60023, 60201, 60202, 60203, 60204, 60205, Appeals of ABS Development Corporation, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals